[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff moves for summary judgment in this action, brought pursuant to CGS § 49-30[1], to foreclose the interest of the defendant, omitted as a party in a prior foreclosure action in which a foreclosure judgement was entered in favor of plaintiff and title vested in plaintiff.
The facts are as follows: On September 11, 1994 plaintiff, as first mortgagee, obtained a judgment of strict foreclosure against Richard B. Panek in which the court found the debt to be $134,461.45, and awarded attorneys, appraiser and title search fees. It also found the value of the subject property to be $110,000. The law day was set for October 16, 1995 and when defendant did not redeem, title vested in plaintiff on October 17, 1995. CT Page 2287
Subsequently, plaintiff learned of the interest of Johnnycake Mountain Associates (hereinafter JMA) by virtue of a declaration of restrictions recorded on the Burlington land records. The declaration provided that any owner of a lot in the Johnnycake development had to notify JMA of the terms and conditions of any offer to purchase the lot and JMA had the right to repurchase the lot on the same terms and conditions by giving five days notice of its intention to do so. That provision of the declaration also provided that the right to repurchase was "subordinate to any first mortgage given to any bank . . . or other mortgage institution in the usual course of its business."
On October 27, 1995 plaintiff's attorney wrote to JMA notifying it that the plaintiff had an offer to purchase the lot that it had acquired by foreclosure for $80,000, with a $1,000 initial deposit, $6,500 additional deposit by November 6, 1995 and $72,500 by November 17, 1995. The letter noted that JMA right of repurchase was expressly subordinate to a first mortgage, such as the one held by plaintiff, and that right would not be applicable to plaintiff's sale to its prospective purchaser. JMA responded on November 13, 1995 that it desired to exercise its power to repurchase, pursuant to the declaration of restrictions. On November 13, 1995 JMA assigned its right to repurchase to the defendant Gina Capodicasa fiance of the defaulting mortgagor Panek. On November 14, 1995 defendant Capodicasa notified plaintiff she was exercising the right of repurchase and tendered her check for $1,000 as an initial deposit. Plaintiff rejected defendant's offer and instituted this action to foreclose upon the defendant's interest, pursuant to § 49-30. On January 2, 1996, defendant increased her offer to purchase by $5,000, which offer was rejected by plaintiff on January 12, 1996.
Defendant's answer denied, or left plaintiff to its proof as to the material allegations of plaintiff's complaint and alleged three special defenses to the effect that (1) plaintiff's refusal to convey the subject lot to defendant was a breach of contract, and (2) of implied covenant of good faith and fair dealing, and (3) that defendant, relying on the exercise of her right to repurchase, obtained a mortgage commitment, to her harm. These same allegations are the basis for defendant's three counterclaims for which she seeks damages. CT Page 2288
Plaintiff's affidavits in support of its motion for summary judgment establish the allegations necessary for it to foreclose. Defendant's affidavits are limited to sustaining its special defenses.
The decision on this motion is dependent on an accurate identification of the relationship between the parties. Defendant claims plaintiff must be viewed as the owner of the subject lot and she as holder of a right to repurchase. Plaintiff therefore, is bound by the declaration of restrictions and the defendant has the right to repurchase. As a consequence, defendant asserts, plaintiff's refusal to allow defendant to repurchase constitutes a breach of contract and sustains defendant's special defenses.
However, defendant misreads the relationship between the parties in this action brought pursuant to § 49-30. That statute, as construed by the Appellate Court in FederalDeposit Ins. Corp v. Bambero, 37 Conn. App. 764 (1995) "provides for a cure for the omission of an encumbrancer. . . . We conclude that the legislature intended this statute to provide a means of restoring the title to a condition that would have existed had the encumbrancer not been omitted." (p. 771)
The proper relationship between the plaintiff and defendant in this action is that of first mortgagee and subsequent encumbrancer. The defendant has no right to enforce the declaration of restrictions against the plaintiff. Rather, the plaintiff has the right to foreclose the defendant's interest under the declaration because that interest is subsequent in priority to plaintiff's mortgage.
Defendant does have certain rights in this foreclosure action. She has the right to request a foreclosure by sale if she can show the property at the time of judgment has a value in excess of plaintiff's debt. She also has the right of redemption[2], if a strict foreclosure is ordered.
What defendant does not have is a right to require the plaintiff to honor her right to repurchase under the declaration. That declaration, as a subsequent lien, is no different than a subsequent mortgage or judgment. It creates no rights against the plaintiff and is subject to being CT Page 2289 extinguished by the foreclosure judgment.
Based on this reasoning, defendant has raised no material issues of fact by her affidavits, filed in opposition to this motion, that impinge upon plaintiff's right to recover in this action. Accordingly, plaintiff motion to summary judgment on liability only is granted.
Robert Satter State Judge Referee